# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MALCOLM JAMAL MELTON (# 171948)**                              **PETITIONER**

**v.**                                                                                **No. 4:13CV22-SA-JMV**

**STATE OF MISSISSIPPI, ET AL.**                                               **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Malcolm Jamal Melton for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to state a claim upon which relief could be granted and for failure to exhaust state remedies. Melton has not responded to the motion, and the deadline for response has expired. The matter is ripe for review. For the reasons set forth below the State's motion to dismiss the instant petition for a writ of *habeas corpus* will be granted and the petition dismissed for failure exhaust state remedies.

### Facts and Procedural Posture

Melton pled guilty to conspiracy to commit armed robbery, kidnapping, and murder in the Circuit Court of Carroll County Mississippi. On November 10, 2011, he was sentenced in accordance with his pleas to serve a term of five (5) years for conspiracy to commit armed robbery, thirty (30) years for kidnapping, and life for murder, all to be served concurrently in the custody of the Mississippi Department of Corrections. On November 7, 2012, Melton signed the instant petition for a writ of *habeas corpus*.

Melton pled guilty to his charges in the Circuit Court of Carroll County, Mississippi. As a result, he was not entitled to a direct appeal of his convictions and sentences. *See* Miss. Code Ann. § 99-35-101. Melton may, however, seek post-conviction collateral relief under Miss. Code Ann. §99-39-1, *et seq.* As Melton cannot appeal his convictions or sentences, he must seek post-conviction

collateral relief in the court of his conviction, the Carroll County Circuit Court. Miss. Code Ann. §99-39-7. Melton has not filed such a motion in that court. As such, any cognizable federal *habeas corpus* claims he may have remain unexhausted under the Antiterrorism and Effective Death Penalty Act. Therefore, the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18th day of March, 2014.

                                                 /s/ Sharion Aycock
                                                 **U.S. DISTRICT JUDGE**